**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GINGER DARTY, on behalf of herself and all other persons similarly situated known and unknown, | ) ) ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| COLUMBIA REHABILITATION AND NURSING CENTER, LLC d/b/a INTEGRITY HEALTHCARE OF COLUMBIA, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Columbia Rehabilitation and Nursing Center LLC, by its attorneys Jody Kahn Mason, Jason A. Selvey and Julia S. Wolf of Jackson Lewis P.C., and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Defendant states as follows:

### Procedural History and Plaintiff's Allegations

1.     On March 26, 2020, Plaintiff Ginger Darty ("Darty" or "Plaintiff") commenced this action by filing a putative Class Action Complaint ("Complaint") against Defendant Columbia Rehabilitation and Nursing Center LLC d/b/a Integrity Healthcare of Columbia ("Columbia" or "Defendant") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. The lawsuit is captioned *Ginger Darty, on behalf of herself and all other persons similarly situated, known and unknown, v. Columbia Rehabilitation and Nursing Center, LLC d/b/a Integrity Healthcare of Columbia*, and numbered 2020 CH 03580 (the "State Court Action").

Copies of Plaintiff's Complaint ("Compl.") and all other documents heretofore filed in the State Court Action are attached hereto as **Exhibit A**.

2.     The Complaint alleges that Defendant used a timekeeping system that required Plaintiff and others to scan their hands each time they started and finished work. (Compl. ¶ 4). As a result, Plaintiff alleges that Defendant "collected, stored, used, and transferred [Plaintiff's and a putative Class's] unique biometric hand geometry scan identifiers, or information derived from those identifiers," without following the requirements of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* (Compl. ¶ 11). Specifically, Plaintiff alleges that Defendant violated Sections 15(a), (b), and (d) of the BIPA by: (i) "capturing or collecting Plaintiff's and the Class's hand geometry scans and personal identifying information based on their hand geometry scans without first informing them in writing that Defendant was doing so"; (ii) failing to inform Plaintiff and the Class "in writing of the purpose of [collecting their alleged hand geometry scans] and the length of time that Defendant would store" the alleged biometric identifiers and/or biometric information; (iii) failing to obtain Plaintiff's and the Class's written consent prior to capturing or collecting Plaintiff's and the Class's alleged hand geometry scans and personal identifying information allegedly derived therefrom; (iv) failing to make publicly available a written policy establishing a retention schedule and destruction guidelines for its alleged possession of biometric information; and (v) disclosing or otherwise disseminating Plaintiff's and the Class's hand geometry scans and personal identifying information to Defendant's timekeeping vendor without first obtaining their consent. (Compl., ¶¶ 43, 44, 45, 51, 58 ). Plaintiff alleges that these violations were reckless or, in the alternative, negligent. (*Id.* ¶¶ 53, 60).

3.      For herself and each member of the putative class, Plaintiff seeks: (1) statutory liquidated or actual monetary damages, whichever is higher; (2) injunctive relief; and (3) reasonable attorney's fees and costs. (Compl., ¶¶ 46, 53, 60).

4.      Plaintiff seeks to represent a class of "Defendant's workers who scanned their hands in Defendant's biometric time clock system in Illinois between March 26, 2015 and the present without first executing a written release." (Compl., ¶ 27).

5.      On March 30, 2020, Plaintiff requested that Defendant waive service of the Complaint and associated Summons. That day, Plaintiff's counsel sent the undersigned counsel a Notice and Acknowledgment of Receipt of Summons and Complaint, which Defendant returned on April 20, 2020. (*See* Ex. A). Defendant has not filed an answer or any other pleading responsive to the Complaint, nor has it appeared or made any arguments before the State Court.

## Timeliness of Removal

6.      Pursuant to 28 U.S.C. § 1446(b)(1), if the grounds for removal are apparent on the face of the initial pleading, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

7.      Here, for the reasons explained below, the grounds for removal are apparent on the face of the Complaint.

8.      Defendant files this Notice of Removal on April 29, 2020, 30 days after Plaintiff emailed counsel a copy of the Complaint on March 30, 2020 and requested that Defendant waive formal service. Although Defendant would contend that this did not commence the 30-day time

period to remove the action, Defendant filing this Notice of Removal within 30 days thereof demonstrates that it is, without a doubt, timely.

**Basis for Removal**

9.      Removal is proper under the 28 U.S.C. §1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10.     Here, and as further described below, removal is appropriate because the putative class includes a substantial number of employees who are union members and whose employment is governed by a collective bargaining agreement entered into by their union and Defendant. As such, resolving the claims of these bargaining unit employees would necessarily require interpretation of a collective bargaining agreement and are thus subject to federal preemption pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

11.     Section 301 of the LMRA grants federal district courts exclusive jurisdiction over disputes involving the interpretation of collective bargaining agreements. *Allis-Chalmers Corp. v. Lueck,* 417 U.S. 202, 210-11 (1985). "[C]laims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement'" are subject to exclusive federal jurisdiction. *See Peatry v. Bimbo Bakeries USA, Inc*., No. 19 C 2942, 2020 U.S. Dist. LEXIS 32577, at \*6 (N.D. Ill. Feb. 26, 2020), *citing Caterpillar Inc. v. Williams,* 482 U.S. 386, 394 (1987). "If the resolution of a state law claim depends on the meaning of, or requires interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *See Peatry,* 2020 U.S. Dist. LEXIS 32577, at \*6, *citing Atchley v. Heritage Cable Vision Assocs.,* 101 F.3d 495, 499 (7th Cir. 2013).

4

12.     As is relevant here, Plaintiff was employed by Defendant from November 2019 through December 2019. (Compl. ¶ 2). Although not herself a member, in the five years preceding the filing of Plaintiff's Complaint, a substantial number of the employees at Columbia who used the timekeeping system at issue were members of United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "Union"). (**Exhibit B**, Declaration of Alan Irni ("Irni Declaration") ¶ 4).

13.     During that time, Defendant was a party to collective bargaining agreements ("CBAs") with the Union which governed the terms and conditions of the Union members' employment with Columbia, including, but not limited to the equipment to be utilized by the employees.[1] (Ex. B, ¶ 5). As a result, the terms and conditions of employment for a substantial portion of the putative class were dictated by the CBAs and any disputes involving the interpretation and application of the agreements were to be resolved according to the CBAs' mandatory grievance and arbitration procedures. (*Id.*).

14.     Where a CBA sets forth the terms of employment, claims alleging BIPA violations necessary require an analysis of that CBA and are thus subject to federal preemption. *See Fernandez v. Kerry, Inc.,* Case No. 17-cv-8971, 2020 U.S. Dist. LEXIS 64070, at *16-17 (N.D. Ill. Apr. 10, 2020) (holding that because plaintiffs' BIPA claims necessarily required interpretation of the collective bargaining agreement, they are preempted under the LMRA and therefore removable).

15.     Indeed, the Seventh Circuit Court of Appeals "concluded that it is not possible to resolve a BIPA dispute over fingerprint time clocks without reference to the collective bargaining

---

[1]     The longest potential statutory limitations period under the BIPA is five years. Columbia does not concede that a five-year statute of limitations applies to Plaintiff's claims under the BIPA nor does it waive any right to challenge the applicable statute of limitations in this matter.

agreement." *Kerry*, 2020 U.S. Dist. LEXIS 64070, at *16, referencing *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 903 (7th Cir. 2019). In *Southwest Airlines*, the Seventh Circuit considered BIPA claims brought against an employer whose union contracts were subject to the Railway Labor Act, 45 U.S.C. §§ 151-188,[2] and found that the claims required an interpretation of the relevant collective bargaining agreement and were thus preempted by federal law, even where the biometric timekeeping systems were not expressly referenced in the agreement. *Southwest Airlines*, 926 F.3d at 904-06 ("It is not possible even in principle to litigate disputes about . . . [the use of] fingerprint information . . . without asking whether the union has consented on the employees' collective behalf.").

16.     Here, a substantial portion of the putative class are union members whose employment with Defendant is subject to the terms of collective bargaining agreements that include provisions mandating the grievance and arbitration of disputes under the CBAs, which would include the claims at issue. (*See* Ex. B, Irni Declaration, ¶¶ 5-6).

17.     While removal based on federal preemption of the claims of a putative class is an issue of first impression in this Circuit, federal preemption of a substantial proportion of potential putative class claims under Section 301 of the LMRA raises a substantial and immediate federal interest that should be adjudicated exclusively in a federal district court consistent with the uniform body of federal labor law interpreting collective bargaining agreements and the contours of LMRA preemption. Indeed, LMRA preemption will significantly affect this Court's jurisdiction and the adjudication of this matter, both now and later during this litigation (*e.g.*, at the class certification

---

[2]     The preemption standards under the Railway Labor Act and the LMRA are functionally the same. *See Kerry*, 2020 U.S. Dist. LEXIS 64070, at *16; *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 260 (1994).

stage, should the Court not dismiss the matter before then). These circumstances warrant immediate removal to this federal court.

## Venue and Procedural Steps

18.     The United States District Court for the Northern District of Illinois is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. §1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction is to be removed to the district court for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Cook County, Illinois, which is located in this judicial district and division.

19.     As required by 28 U.S.C. §1446(a), the Complaint, Summons and all other "process, pleadings, and orders" served to date on Defendant are attached hereto as **Exhibit A**.

20.     As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and U.S. Mail, and promptly filed with the Clerk of the Circuit Court of Cook County, Illinois.

21.     By filing this Notice of Removal, Defendant does not waive any defenses to the claims Plaintiff asserts on behalf of herself and the putative class, including that Plaintiff has not pleaded a claim upon which relief can be granted and that class certification is inappropriate.

**WHEREFORE**, Defendant Columbia Rehabilitation and Nursing Center LLC hereby removes case number 2020 CH 03580 pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: April 29, 2020      Respectfully submitted,

**COLUMBIA REHABILITATION AND NURSING CENTER LLC d/b/a INTEGRITY HEALTHCARE OF COLUMBIA**

By:    /s/ Jody Kahn Mason
    One of Its Attorneys

Jody Kahn Mason
Jason A. Selvey
Julia S. Wolf
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, Illlinois  60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Julia.Wolf@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I, Jody Kahn Mason, an attorney, certify that on April 29, 2020 I caused a true and correct copy of the attached *Notice of Removal* to be served via email and U.S. mail on the following counsel of record at the addresses listed:

Douglas M. Werman
Zachary C. Flowerree
WERMAN SALAS P.C.
77 West Washington St., Suite 1402
Chicago, IL 60602
dwerman@flsalaw.com
zflowerree@flsalaw.com

Brandon M. Wise
Paul A. Lesko
PEIFFER WOLF CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
bwise@pwcklegal.com
plesko@pwcklegal.com

*s/ Jody Kahn Mason*

# EXHIBIT A

Return Date: No return date scheduled
Hearing Date: 7/27/2020 10:00 AM - 10:00 AM
Courtroom Number: 2302
Location: District 1 Court
    Cook County, IL

FILED
3/26/2020 5:28 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH03580

8967922

FILED DATE: 3/26/2020 5:28 PM   2020CH03580

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| GINGER DARTY, on behalf of herself and all other persons similarly situated known and unknown, | ) ) ) | |
| | ) | Case No. 2020CH03580 |
| Plaintiff, | ) | Judge |
| | ) | |
| v. | ) | |
| | ) | |
| COLUMBIA REHABILITATION AND NURSING CENTER, LLC d/b/a INTEGRITY HEALTHCARE OF COLUMBIA, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Ginger Darty ("Plaintiff"), files this Class Action Complaint ("Complaint") against Columbia Rehabilitation and Nursing Center, LLC d/b/a Integrity Healthcare of Columbia ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1.  Defendant operates Integrity Healthcare of Columbia, a nursing home facility in Columbia, Illinois.

2.  Plaintiff was employed by Defendant as a Nurse between approximately November 2019 and December 2019.

3.  Throughout her employment, Defendant required her and other employees to use a biometric time clock system to record their time worked.

4.  Defendant required Plaintiff and other employees to scan their hands in Defendant's biometric time clock each time they started and finished working, including punching in and out for lunch breaks.

FILED DATE: 3/26/2020 5:28 PM   2020CH03580

5.      Unlike an employee identification number or employee identification card, hand geometry is a *unique* and *permanent* identifier.

6.      By requiring employees to scan their hands to record their time, instead of identification numbers or badges only, Defendant ensured that one employee could not clock in for another.

7.      Thus, there's no question that Defendant achieved a labor management benefit from using a biometric time clock.

8.      But there's equally no question that Defendant placed employees at risk by using their biometric identifiers to "punch the clock."

9.      In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like hand scans, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

10.      As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

11.      Defendant collected, stored, used, and transferred the unique biometric hand geometry scan identifiers, or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

12.      As a result, Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiff and other similarly-situated employees.

FILED DATE: 3/26/2020 5:28 PM  2020CH03580

**JURISDICTION AND VENUE**

13.     This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

14.     Cook County is an appropriate venue for this litigation because Defendant's principal office is located in Cook County and it does business there.

**THE PARTIES**

15.     Plaintiff is an individual who is a citizen of Illinois.

16.     Defendant is an Illinois limited liability company with its principal place of business in Skokie, Illinois.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

17.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

18.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

19.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is

3

FILED DATE: 3/26/2020 5:28 PM  2020CH03580

collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

20.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it creates and follows a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

21.     Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

22.     When Plaintiff scanned her hand in Defendant's biometric time clock, Defendant captured and stored Plaintiff's hand geometry scan, or personal identifying information derived from Plaintiff's hand geometry scan.

23.     When Plaintiff scanned her hand in Defendant's biometric time clock, Defendant disclosed her hand geometry scan – or personal identifying information derived from her hand geometry scan – to Defendant's time-keeping vendor.

24.     Before or after requiring the Plaintiff to use a biometric timeclock, Defendant never provided Plaintiff any written materials stating that it was collecting, retaining, or disclosing her hand geometry scan or personal identifying information derived from her hand geometry scans.

FILED DATE: 3/26/2020 5:28 PM   2020CH03580

25.     Before requiring the Plaintiff to use a biometric timeclock, Defendant never obtained Plaintiff's written consent, or release as a condition of employment, authorizing the collection, storage, dissemination, or use of her hand geometry scan or personal identifying information derived from Plaintiff's hand geometry scan.

26.     Defendant violated Plaintiff's privacy by capturing or collecting her unique biometric identifiers and information and sharing those identifiers and information with its time-keeping vendor, without her consent.

**CLASS ACTION ALLEGATIONS**

27.     Plaintiff seeks to represent a class of Defendant's workers who scanned their hands in Defendant's biometric time clock system in Illinois between March 26, 2015 and the present without first executing a written release ("the Class").

28.     Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: scanning their hands in Defendant's biometric time clock system despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

29.     The Class includes more than 75 members.

30.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

31.     The issues involved in this lawsuit present common questions of law and fact, including: whether the Class scanned their hands to clock in and out during shifts; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

FILED DATE: 3/26/2020 5:28 PM   2020CH03580

32.     These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

33.     Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

34.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

35.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

36.     The books and records of Defendant are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their hands in Defendant's biometric time clock system and what information Defendant provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

37.     Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

38.     Plaintiff retained counsel experienced in complex class action litigation.

### COUNT I
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))
### (Class Action)

39.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

40.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

41.     Plaintiff's and the Class's hand geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

42.     Defendant has "biometric information" from Plaintiff and the Class through its

FILED DATE: 3/26/2020 5:28 PM    2020CH03580

acquisition and retention of information based on Plaintiff's and the Class's hand geometry scans.

43.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's hand geometry scans and personal identifying information based on their hand geometry scans without first informing them in writing that Defendant was doing so.

44.      Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's hand geometry scans and personal identifying information based on their hand geometry scans without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

45.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's hand geometry scans and personal identifying information based on their hand geometry scans without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

46.     Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.      Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and each member of the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.      Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

FILED DATE: 3/26/2020 5:28 PM   2020CH03580

C.      Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.      Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

**COUNT II**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))**
**(Class Action)**

47.      Plaintiff realleges and incorporates the previous allegations of this Complaint.

48.      Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

49.      Plaintiff's and the Class's hand geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

50.      Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of information based on Plaintiff's and the Class's hand geometry scans.

51.      Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's hand geometry scans and personal identifying information based on their hand geometry scans without creating and following a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric information derived from Plaintiff's and the Class's hand geometry scans.

52.      Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

53.      As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

FILED DATE: 3/26/2020 5:28 PM   2020CH03580

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and each member of the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

**COUNT III**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(d))**
**(Class Action)**

54.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

55.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

56.     Plaintiff's and the Class's hand geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

57.     Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of information based on Plaintiff's and the Class's hand geometry scans.

58.     Defendant violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's hand geometry scans and personal identifying information based on their hand geometry scans to Defendant's timekeeping vendor without first obtaining their consent for that disclosure or dissemination.

59.     Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before

FILED DATE: 3/26/2020 5:28 PM   2020CH03580

Defendant committed the legal violations alleged in this Complaint.

60.     As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and each member of the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Dated:  March 26, 2020                    Respectfully submitted,

                                          /s/ Douglas M. Werman
                                          One of Plaintiff's Attorneys

Douglas M. Werman- IL Bar No.- 6204740
dwerman@flsalaw.com
Zachary C. Flowerree- IL Bar No.- 6305935
zflowerree@flsalaw.com
**WERMAN SALAS P.C.** (Firm ID: 42031)
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Brandon M. Wise – IL Bar No.- 6319580
bwise@pwcklegal.com
Paul A. Lesko – IL Bar No.- 6288806
plesko@pwcklegal.com
**PEIFFER WOLF CARR & KANE, APLC**
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
(314) 833-4825

*Attorneys for Plaintiff*

Notice and Acknowledgment of
Receipt of Summons and Complaint                      (10/12/18) CCG 0063 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

GINGER DARTY, on behalf of herself and all
and all other persons similarly situated Plaintiff(s)    | Case No.    2020CH03580
known and unknown
                    vs.                                  | Defendant(s)
COLUMBIA REHABILITATION AND                              | Amount Claimed:  $ _____
NURSING CENTER, LLC d/b/a    Defendant(s)
INTEGRITY HEALTHCARE OF COLUMBIA

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: Columbia Rehabilitation & Nursing    Address: 150 N. Michigan Ave., Ste 2500
Center, LLC c/o Jody Kahn Mason
            (Name)

City: Chicago _____ State: IL Zip: 60601

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within _____30_____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within _____30_____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within _____60_____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _____3/30/20_____ .

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 2

Notice and Acknowledgment of
Receipt of Summons and Complaint                    (10/12/18) CCG 0063 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To
e-file, you must first create an account with an e-filing service provider. Visit http://efile.
illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If
you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/
gethelp.asp.

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in
the above captioned matter at:

(Please print or type)

Name: _Jody Kahn Mason (Jackson Jewis, P.C._

Address: _150 N. Michigan Ave. #2500_

City: _Chicago_    State: _IL_   Zip: _60601_

Email: _jody.mason@jacksonlewis.com_

Relationship to Entity/Authority to Receive Service of Process: _____

(Not applicable if your are the named Defendant or Respondent.)

Dated: _4-20-20_

_____
Signature

* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date
  on which the request is sent, or 60 days if the defendant is addressed outside the United States.

** (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the
   date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GINGER DARTY, on behalf of herself and all ) 
other persons similarly situated known and )
unknown, )
       )
                Plaintiff, )   Case No.:
     v. )
       )
COLUMBIA REHABILITATION AND )
NURSING CENTER, LLC d/b/a INTEGRITY )
HEALTHCARE OF COLUMBIA, )
       )
            Defendant. )

## <u>DECLARATION OF ALAN IRNI</u>

I, Alan Irni, state and affirm as follows based on my personal knowledge:

1.      My name is Alan Irni. I am over the age of 18 years and otherwise competent to give testimony. I have personal knowledge of the matters set forth in this Declaration.

2.      I am the Chief Financial Officer of Integrity HCC Services. I am authorized to submit this Declaration on behalf of the named Defendant in this lawsuit, Columbia Rehabilitation and Nursing Center LLC d/b/a Integrity Healthcare of Columbia ("Columbia").

3.      As part of my job, I am familiar with and have access to information regarding Columbia and its current and former employees, including the type of timekeeping system such employees used, and the collective bargaining agreement they were employed under, as applicable.

4.      In the five years preceding the filing of Plaintiff's Complaint, a substantial number of the employees at Columbia who used the timekeeping system at issue were members of United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "Union").

5.      In the five years preceding the filing of Plaintiff's Complaint, Columbia and the Union have entered into collective bargaining agreements which govern the terms and conditions of the Union members' employment at Columbia, including, but not limited to the equipment to be utilized by the employees. As stated in these collective bargaining agreements, the parties agreed that "all differences, disputes and grievances that may arise . . . involving the interpretation or application of [the] agreement" shall be resolved pursuant to the grievance and arbitration procedures laid out in the CBA.

THE DECLARANT STATES NOTHING FURTHER.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 29, 2020.

_____
ALAN IRNI