IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ginger Darty, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-cv-2607 |
| | ) |
| Columbia Rehabilitation and | ) |
| Nursing Center, LLC d/b/a | ) |
| Integrity Healthcare of | ) |
| Columbia, | ) |
| | ) |
| Defendant. | |

Memorandum Opinion and Order

Plaintiff Ginger Darty filed this putative class action in the Circuit Court of Cook County seeking relief under the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq.* Defendant Columbia Rehabilitation and Nursing Center, LLC ("Columbia") removed the case under 28 U.S.C. § 1331. Because this court does not have federal-question jurisdiction over Plaintiff's claims, the case is remanded to state court.

Columbia employed Ms. Darty as a nurse for a short time at the end of 2019. Ms. Darty alleges that she, along with other employees with whom she worked, was required to clock in each day by scanning her hand with a biometric time clock. She contends that Columbia's use of the time clock violated Sections 15(a), 15(b), and 15(d) of BIPA because Columbia (1) did not obtain

written, informed consent from her or other employees prior to deploying the hand scanners, (2) did not create and follow a public policy regarding retention and destruction of the biometric data collected, and (3) shared her and others' biometric information with Columbia's timekeeping vendor without first obtaining consent.

Columbia removed the case to this court pursuant to 28 U.S.C. § 1331, which awards district courts subject-matter jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States." In its removal papers, Columbia asserts that although Ms. Darty herself is not a member, her putative class includes "a substantial number" of members of United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "Union"). R. 1 ¶ 12. The Union has entered into collective bargaining agreements with Columbia that govern "the terms and conditions of the Union members' employment with Columbia, including, but not limited to the equipment to be utilized by the employees." *Id.* ¶ 13. As a result, Columbia contends that this action will require interpretation of a collective bargaining agreement, and Ms. Darty's claims are therefore subject to federal preemption under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Ms. Darty argues in response that because she herself is not a union member covered by a collective

2

bargaining agreement, the LMRA does not confer federal jurisdiction.

Generally, pursuant to the "well-pleaded complaint rule," "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is, however, an "independent corollary" to that rule that confers federal jurisdiction where federal law has completely preempted an area of state law. *Id.* at 393. The complete preemption corollary "is applied primarily in cases raising claims pre-empted by § 301 of the LMRA," *id.*, the rationale being that there are strong "interests in interpretive uniformity and predictability" of collective bargaining agreements, *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). Accordingly, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract," the claim is preempted by Section 301 of the LMRA. *Id.* at 220.

The Seventh Circuit has concluded that BIPA claims based on biometric time clocks are properly subject to complete preemption. *Miller v. Sw. Airlines Co.*, 926 F.3d 898, 903–04 (7th Cir. 2019). *Miller* concerned two airlines' requirements that workers clock in and out using their fingerprints. *Id.* at 901. Finding complete preemption, the court reasoned: "[O]ur plaintiffs assert a right

3

in common with all other employees, dealing with a mandatory subject of collective bargaining. It is not possible even in principle to litigate a dispute about how an air carrier acquires and uses fingerprint information for its whole workforce without asking whether the union has consented on the employees' collective behalf." *Id.* at 904. Thus, the court concluded, the claims were removable pursuant to the federal-question jurisdiction. *Id.*

*Miller* dealt with preemption by the Railway Labor Act ("RLA"), not the LMRA, but the RLA's preemption standard is "virtually identical" to that of Section 301 of the LMRA. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 260 (1994). Accordingly, citing *Miller*, courts in this district have consistently found federal preemption by Section 301 of the LMRA in similar BIPA cases. *See Fernandez v. Kerry, Inc.*, No. 17 C 8971, 2020 WL 1820521, at *6 (N.D. Ill. Apr. 10, 2020) (denying motion to remand); *see also Gray v. Univ. of Chi. Med. Ctr., Inc.*, No. 19-cv-04229, 2020 WL 1445608, at *4 (N.D. Ill. Mar. 25, 2020); *Peatry v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2020 WL 919202, at *4 (N.D. Ill. Feb. 26, 2020).

Unlike the named plaintiffs in *Miller* and its progeny,[1] however, Ms. Darty is not a member of the union that has entered

---

[1] Columbia points out that in *Crooms v. Southwest Airlines Co.*, No. 19-cv-2149, 2020 WL 2404878, at *5–6 (N.D. Ill. May 12, 2020), the court found RLA preemption even though the named plaintiffs were not members of the relevant union. Critically, though, three

4

into a collective bargaining agreement with the defendant. R. 1 ¶ 12. Accordingly, Ms. Darty's individual claim would seem to be unrelated to the Union; it is only her putative class members that implicate the collective bargaining agreement. Ms. Darty contends that her lack of union membership defeats federal-question jurisdiction in this case. I agree.

Although apparently a question of first impression in the Seventh Circuit, other Courts of Appeals have held that for purposes of complete preemption of putative class actions under Section 301 of the LMRA, only the claims of the named plaintiffs are relevant. *See Pruell v. Caritas Christi*, 645 F.3d 81, 83–84 (1st Cir. 2011) (remanding to determine whether named plaintiffs were union members and court had subject-matter jurisdiction as a result); *Hinterberger v. Catholic Health Sys., Inc.*, 548 F. App'x 3, 5–6 (2d Cir. 2013) (same). This rule is consistent with "[t]he usual rule in class actions . . . that to establish subject matter jurisdiction one looks only to the named plaintiffs and their

---

of the named plaintiffs had been members of the union before they were promoted to supervisory positions, and their claims encompassed the period of their union membership, making the collective bargaining agreement relevant to their claims. *Id.* Columbia insists that the *Crooms* court separately concluded that "the Union represented [plaintiffs'] interests even before they formally joined the Union." *Id.* at 5. But the union in *Crooms* was "designated as [an] exclusive representative . . . obligated to represent all employees, union members or not," *id.*, which contrasts with the collective bargaining agreement here, which only "governed the terms and conditions *of the Union members'* employment," R. 17 at 4 (emphasis added).

5

claims [because] the class members other than the named plaintiffs are merely potential parties until subject matter jurisdiction for the named plaintiffs is established and the district court has decided to certify a class." *Pruell*, 645 F.3d at 83-84; *see, e.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 n.6 (2016) (standing dependent on claims of named plaintiffs); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (at least one named plaintiff must satisfy amount-in-controversy requirement to authorize supplemental jurisdiction); *Payton v. County of Kane*, 308 F.3d 673, 681 (7th Cir. 2002) ("[T]he citizenship requirement for purposes of diversity jurisdiction in a class action hinges entirely on the citizenship of the named plaintiffs."); *Denberg v. U.S.R.R. Ret. Bd.*, 696 F.2d 1193, 1197 (7th Cir. 1983) (providing, interpreting a statutory grant of jurisdiction, "[s]ince the district court never had jurisdiction over the claim of the class representative, . . . it had no jurisdiction over the class action either even if the claims of some of the members of the class were within its jurisdiction"); *see also* 5 James W. Moore et al., *Moore's Federal Practice* § 23.63 (3d ed. 2020). Accordingly, I hold that because Ms. Darty is not a member of the Union, and her claim does not require interpretation of a collective bargaining agreement, the court lacks subject-matter jurisdiction over this action.

For the foregoing reasons, Plaintiff's motion to remand [13] is granted, and the case is remanded to the Circuit Court of Cook County.

                                      **ENTER ORDER:**

                                      **Elaine E. Bucklo**
                                      United States District Judge

Dated: June 24, 2020